IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES | ) |
| | ) 25 CR 589 |
| v. | ) |
| | ) Judge Steven C. Seeger |
| | ) Magistrate Judge Keri Holleb Hotalling |
| WALTER BRZOWSKI | ) |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Walter Brzowksi would respectfully request that his conditions of release be modified: (a) to replace his home detention condition with "stand alone monitoring" and (b) to establish a half-mile exclusion zone around the Dirksen Federal Building. In support of this requested modification, Mr. Brzowski states the following:

1. On September 19, 2025, Mr. Brzowski was arrested on a complaint that charged him with one count of forging a judge's signature, in violation of 18 U.S.C. § 505. Dkt. 1. That same day, the parties agreed on conditions of release for Mr. Brzowski[1] and the Court ordered his release. Dkt. 5.

2. On September 24, the grand jury returned an indictment which charges Mr. Brzowski with several additional counts of forging a judge's signature. Dkt. 14. In essence, the indictment alleges that—since around 2023—Mr. Brzowski has been mailing legal filings to the Executive Committee of the Court that include a phony

---

[1] To be clear, the parties had two limited disagreements regarding Mr. Brzowski's release conditions. Specifically, the parties disagreed over: (a) whether Mr. Brzowski's bond should be secured or unsecured and (b) whether Mr. Brzowski should be restricted from accessing state and federal courts besides the District Court for the Northern District of Illinois. But both the government and the defense agreed that Mr. Brzowski should be released at the initial appearance.

1

"Executive Committee Order" bearing Judge Pallmeyer's signature. The indictment further alleges that Mr. Brzowski has similarly mailed the Executive Committee copies of a phony order bearing Judge Kendall's signature.

3. Mr. Brzowski is currently on home detention. As a result of the home detention restriction, Pretrial Services' approval is required for Mr. Brzowski to leave his home for any reason. He must set his schedule at the start of the week and the schedule can be quite difficult to modify if new circumstances arise later in the week. Even leaving his home to do yard work or to take out the trash could potentially be considered a violation of his current pretrial release conditions.

4. Mr. Brzowski is 67 years old. He is charged with non-violent forgery offenses. Of course, the defense understands that the government regards some of Mr. Brzowski's filings (and other communications with the court) as threatening. But this is not currently charged as a threats case. More importantly, the statements that the government finds concerning all relate to the court at 219 S. Dearborn, rather than to the community as a whole.

5. As a result—even if the government's concerns provide a basis to limit Mr. Brzowski's physical access to the Dirksen Building—they should not prevent him from going to the grocery store or from going to the local library to do legal research for his criminal case. The Bail Reform Act requires defendants to be released on the "least restrictive" combination of conditions that will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(c)(1)(B). Here, those considerations suggest that any location restrictions on Mr. Brzowski

should be focused on limiting his access to the Dirksen Courthouse, rather than preventing him from leaving his house altogether.

6. More specifically, the defense would respectfully request that Mr. Brzowski's home detention condition be replaced with a "stand alone monitoring" condition. Under the stand alone monitoring condition, Mr. Brzowski would continue to wear a GPS-enabled ankle bracelet that would allow Pretrial Services to know where he is at all times.

7. In addition, the defense would ask the Court to establish a half-mile exclusion zone around the Dirksen Building. The exclusion zone would be programmed into the GPS ankle monitor, and Pretrial Services would be immediately alerted if there was unauthorized movement in this zone.

8. As a consequence of this exclusion zone, Mr. Brzowski would be prohibited from coming near the Dirksen Building (or, essentially, entering the Loop) except for required Court appearances or to consult with counsel (whose office is 2 blocks from the courthouse). Pretrial Services would need to approve Mr. Brzowski entering the exclusion zone for those limited purposes.

9. In other words, this modification would restrict Mr. Brzowski's access to the courthouse without unnecessarily restricting his ability to run errands or to walk around his own community. (Mr. Brzowski lives on the Southwest side, by Midway Airport.) Given the unusual nature of this case—which is highly focused on the courthouse itself—these conditions would appropriately balance the factors set out in the Bail Reform Act.

Therefore, for the reasons stated above, the defense respectfully requests that the Court modify Mr. Brzowski's conditions of release: (a) to replace his home detention condition with "stand alone monitoring" and (b) to establish a half-mile exclusion zone around the Dirksen Federal Building.

                              Respectfully submitted,

                              FEDERAL DEFENDER PROGRAM
                              John F. Murphy,
                              Executive Director

                     By:     /s/ *William Hardwicke*
                              William Hardwicke
                              Attorney for Walter Brzowski

WILLIAM HARDWICKE
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL 60603
(312) 621-8302