UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25 CR 589 |
| v. | |
| WALTER BRZOWSKI | Judge Phillip P. Simon |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANT'S PRETRIAL MOTIONS**

The United States of America, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, hereby opposes defendant Walter Brzowski's demand for specific findings of fact and conclusions of law, Dkt. 71, and motion to vacate void order, Dkt. 73.

## I.    BACKGROUND

On March 4, 2026, the Court granted defendant's request to represent himself at trial. *Id.* Defendant notified the Court of his intention to file additional pretrial motions, and the Court gave the government 30 days to respond to any motion defendant filed. *Id.* Since that date, the government has responded to eight of defendant's filings. *See* Dkts. 66, 80, 82 responding to Dkts. 55, 56, 57, 58, 59, 60, 64, 65. Numerous other motions and filings remain outstanding and pending a response. *See, e.g.,* Dkts. 77, 78, 79, 81.

## II.    DEFENDANT'S MOTIONS SHOULD BE DENIED

### A.    Demand for Specific Findings of Fact and Conclusions of Law

Defendant's "Demand for Specific Findings of Fact and Conclusions of Law" seeks specific dates, judicial analysis, and evidence of a show cause hearing, all

1

related to defendant's restricted filer docket. Dkt. 71 at 1. Defendant claims this is necessary because "[t]he Government's criminal prosecution relies entirely on the validity of the September 20, 2007" restricted filer order. *Id.* Defendant appears to be working under the mistaken belief that in order to prove a violation of Title 18, United States Code, Section 505, the government must show that the orders defendant fraudulently manipulated and filed were "valid" orders. Defendant already presented this argument in a prior motion to dismiss, Dkt. 59, and the government explained why this assertion by defendant is incorrect, Dkt. 82 at 4-6. Because defendant requests information that is irrelevant to this case, the Court should deny defendant's request for "Specific Findings of Fact and Conclusions of Law."

Moreover, defendant presents no legal basis for this request, beyond filing his document as a bill of particulars on the docket. It is unclear if defendant is specifically pursuing a bill of particulars, as he fails to argue for a bill of particulars, or even mention it in his demand. Nonetheless, there is absolutely no basis for a bill of particulars in this case. Federal Rule of Criminal Procedure 7(f) permits defendants to move for a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits." Defendant filed his motion six months after the arraignment. Defendant has neither asked for permission to move for a bill of particulars nor provided any reasons to justify this late request. Not only is defendant's request untimely, but there is also no factual basis for a bill of particulars in this case. In evaluating the need for a bill of particulars, the court's key inquiry is whether the indictment adequately apprises each defendant "of the charges against

2

him in order to enable adequate trial preparation." *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013). "A bill of particulars is 'unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense.'" *Id.* at 927 (quoting *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003), *overruled on other grounds by Alleyne v. United States*, 570 U.S. 99 (2013)). An indictment that includes each element of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statutes generally is sufficient by law. *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008); *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003).

Here, the indictment meets those requirements. The indictment charges defendant with eleven counts of forging a judge's signature, in violation of Title 18, United States Code, Section 505. Dkt. 14. Each of these counts relates to a separate order submitted by defendant containing the forged signature of either Judge Rebecca R. Pallmeyer or Judge Virginia M. Kendall. *Id.* For each count, the indictment includes the case number and docket entry of the forged filing, the date of the forged filing, and the judge whose signature was forged. The indictment includes each element of the charged offense, and a citation to the charged statute. The indictment here is sufficient, and no bill of particulars is warranted.

The Court should also deny defendant's motion to dismiss that is added to the demand, and which is based on the flawed belief that "[t]o prosecute the Defendant for violations of 2 court orders (25-CR-0589), the Government must prove the

3

existence of a lawful, valid, and specific" order. *Id.* at 2. Defendant misunderstands the charges against him. Defendant is not charged with violating court orders. He is charged with creating fake court orders and filing those fake orders. Thus, there is no basis for dismissal.

**B.      Motion to Vacate Void Order**

Defendant filed a motion to vacate "as VOID ab initio the 'Order of Dismissal' entered by then-Judge Ruben Castillo on September 9, 2002" in order to correct "the illegal conversion of $288,500.00 of Movant's property; his co-ownership of a Real Estate Property in Aslip IL; his denied equal co-parentship towards his two Sons; and 7 fraudulent criminal prosecutions." Dkt. 73 at 2. It is quite clear from defendant's filing that he is seeking to relitigate his divorce proceedings. As outlined by the government in a previously filed response, there is no basis for this Court to intervene in a decades old, civil state court divorce. *See* Dkt. 80 at 7-9. Moreover, to the extent that defendant is seeking to appeal Judge Castillo's 2002 decision, the Seventh Circuit is the proper venue and the window for such an appeal has long since closed. *See* 28 U.S.C. § 1291 ("The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); Federal Rule of Appellate Procedure 4 ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgement or order appealed from.").

4

## III. CONCLUSION

For the reasons set forth above, the government respectfully asks the Court to deny defendant's demand for specific findings of fact and conclusions of law, Dkt. 71, and motion to vacate void order, Dkt. 73.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:  /s/ *Stephanie Stern*
Stephanie Stern
Assistant U.S. Attorney
United States Attorney's Office
219 S. Dearborn St., Room 500
Chicago, Illinois 60604