# UNITED STATES DISTRICT COURT
## OF ILLINOIS    EASTERN DIVISION

UNITED STATES of AMERICA )
     Plaintiff )

    v. )

WALTER J. BRZOWSKI )
    *Innocent* Defendant )

**CASE NO. 2025 CR-0589**

Judge Phillip P. Simon
{sitting by Designation}

## NOTICE OF FILING

TO: U.S. Attorney Stephanie Stern
    Plaintiff's assigned Counsel
    219 S. Dearborn Street  #500
    Chicago IL. 60604

TO: P.D. William B. Hardwicke
    Defendant's *'stand-by'* counsel
    55 East Monroe Street  #2800
    Chicago IL. 60603

**PLEASE TAKE NOTICE** That I, Walter J. Brzowski, *e*-filed with the Clerk of the U.S. N.D. Court, Eastern Division, 219 South Dearborn Street, Chicago IL. 60604 **on May 5, 2026,** a, (6 page): "Defendant's Omnibus Response and Motion to Strike Government's Responses [ECF 80, 82] and Motion for Ethical Sanctions", a copy of which is now hereby served upon you.

Name:  Walter J. Brzowski
Defendant, U.S. private Citizen
*c/o:* 6431 South Karlov Avenue
    Chicago IL. 60629
    #(773) 470-9784?

_____
Walter J. Brzowski

## CERTIFICATE AND AFFIDAVIT OF DELIVERY PERSONALLY, OR BY MAIL

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to North Rule #LR5.3, that the above NOTICE OF FILING and any attachments were either personally delivered, *OR* placed in the U.S. Mail with first class prepaid postage and directed to the Parties of record at the addresses set forth above; *OR* emailed to their appropriate *e*mail addresses as disclosed on Record, on or before 5:00 PM on May 5, 2026.

_____
(Signature)

<u>Walter J. Brzowski</u>
(Print Name)

**THOMAS G. BRUTON, CLERK OF THE NORTHERN DISTRICT COURT FOR ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *Plaintiff* | ) | |
| v. \| | ) | **CASE No.: 2:25-CR-0589** |
| WALTER BRZOWSKI | ) | (Hon. Phillip P. Simon) |
| *Defendant* | ) | |

## DEFENDANT'S OMNIBUS RESPONSE AND MOTION TO STRIKE GOVERNMENT'S RESPONSES [ECF #80, #82] AND MOTION FOR ETHICAL SANCTIONS AGAINST AUSA STEPHANIE STERN

**NOW Comes** the Defendant, Walter J. Brzowski, *pro se*, and hereby moves this Court to STRIKE the Government's untimely-fraudulent Responses [ECF #80, #82, {#90] in their entirety and as to impose proper punitive sanctions upon AUSA Stephanie Stern for: "Fraud by Omission" and un-ethical misstatements of the jurisdictional record, violating IL. N.D. Rule LR83.53.8 thereto.

## I. THE PROCEDURAL DEFAULT: THE MAY 18TH 2026: "LOCK"

The Government admits that on March 4, 2026, it was given 30 days to respond. By its own calculation, the deadline was April 3, 2026. ECF #82 was not filed until April 20, 2026—seventeen (17) days late; {ECF #90 was also *e*-filed extremely late on April 30, 2026 thereto!}

1) **The Sledgehammer:** The Government completely fails to address Defendant's April 6, 2026, *e*-filed: 'Motion to Vacate the Extension Order on April 2, 2026'; By ignoring the Defendant's sound challenge to the deadline, the Government has conceded the default.

## II. THE *UN*ETHICAL FRAUD: DENIAL OF THE JAMES F. HOLDERMAN REMAND

In ECF #82, AUSA Stephanie Stern makes the following demonstrably false statement to the Court: *"...there was no Federal Remand Order that rendered [defendant's] Cook County IL. Div. Judgment a legal nullity"*. *What??*

2) **The Reality:** Defendant exhibits the June 22, 2005, Certified Remand Order (Case No. 03-cv-2685) issued by Hon. James F. Holderman as Exhibit 'I'; (April 27, 2026).

3) **The Sanctionable Act:** Stern denies the existence of a certified federal record as to mislead the Federal Court (Hon. Phillip P. Simon). Under Rule 3.3 (Candor Toward the Tribunal), a prosecutor cannot deny-ignore the existence of a jurisdictional order she has been repeatedly served with in Defendant's March 4th-5th, 25th: Motions-countering response.

## III. THE JURISDICTIONAL TRAP: VIOLATION OF REMAND CODE 28 U.S.C. § 1447(d)

The U.S. Government relies exclusively on *In re Brzowski*, 798 F. App'x 22 (7th Cir. 2020-U) to define Defendant's legal history, which is misplaced and incorrect:

4) **The Law:** 28 U.S.C. § 1447(d) explicitly prohibits any court from: "reviewing" a remand order based on *lack of subject-matter jurisdiction.* ⇥[Exhibit '**F**', April 27, 2026]

5) **The Nullity:** The March 16, 2020 Seventh Circuit opinion is an illegal review of the June 22, 2005 Jim Holderman Remand and the Sept. 9, 2002 Castillo error. Stern's 'repeated reliance' on a jurisdictionally prohibited summary constitutes a bad-faith attempt to "bootstrap" a **worthless** appellate order into an unconstitutional criminal conviction.

**IV. THE JURISDICTIONAL TRAP (28 U.S.C. § 1447(d)):** The Government relies on the 7th Circuit's 2020 "Affirmance." However, under Code 28 U.S.C. § 1447(d) and *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336 (1976), a remand order based on lack of subject-matter jurisdiction is not reviewable on appeal or otherwise: [see *Things Remembered, Inc. v. Petrarca,* (Dec. 1995), *Quacken v. Allstate Ins. Co.* (Jan. 1996]. Thus, 2020 opinion is an: 'jurisdictional nullity'. AUSA Stern's reliance on it is a bad-faith attempt to use a void order to sustain a criminal indictment.

**V. THE ETHICAL FRAUD (DENIAL OF THE 2005 ORDER):** In ECF #82, AUSA Stern states: *"there was no Federal Remand Order that rendered [the] Judgement a legal nullity."* This is an outright falsehood; Defendant *exhibits* the June 22, 2005, Certified Remand Order ('**I**'; Case No. 03-C-2685). Stern's denial of a certified federal record constitutes a *Fraud* upon the Court:

**DECLARATION OF DEFENDANT WALTER J. BRZOWSKI REGARDING THE EXISTENCE OF THE JUNE 22, 2005 CERTIFIED REMAND ORDER, (Exhibit 'I', April 27, 2026)**

I, Walter J. Brzowski, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

6) I am the reluctant Defendant in the above-captioned matter and have personal knowledge of the jurisdictional history of the related civil federal and state proceedings.

7) I am currently in physical possession of a Certified Copy of the Remand Order issued on June 22, 2005, by Judge James F. Holderman in the U.S. District Court for the Northern District of Illinois, Removal Case No. 03-cv-2685, (as Exhibit 'I'; April, 27, 2026).

8) This Certified Remand Order explicitly remanded the underlying state proceedings (Cook County Case No. 01-D-14335) back to the IL. Circuit County Court based on a lack of federal subject-matter jurisdiction. ⇥[Note: **Fed. Case no. 02 C-6219 still has yet to do!**]

9) I have reviewed the U.S. Government's: "Consolidated Response" (ECF #82, Page 10), wherein AUSA Stephanie Stern states to this Court: "...there was no Federal Remand Order that rendered [defendant's] Cook County IL. Div. Judgement a legal nullity.'"

10) I declare that the Government's statement is demonstrably false, as the June 22, 2005, Order proves that the Illinois State Circuit and Appellate Courts both *lacked* their jurisdictions to enter any valid judgments, [on May 20, 2003; and on December 27, 2004] between the date of removal {April 22, 2003}, and the date of the filed certified Remand, (June 23-24th, 2005). [IL Cases 01 D-14335; 01-03-2575-U; *L. Brzowski v. W. Brzowski!*]

VI. LEGAL IMPOSSIBILITY: Because the September 9, 2002, Ruben Castillo Error; the June 2005 Holderman Remand and the M. Kennelly Remand on March 22, 2007, (Case No. 07 C-1504; Exhibit 'J'), prove the State court lacked its jurisdiction, the documents in question in May, 2003 and December, 2004 are therefore: "legal blanks." Under *Ex parte Siebold*, there can be no: "authentication of a proceeding" if these proceedings itself are void by Federal 28 USC Codes!

VII . The Collateral Illinois "*Res Judicata*" Fallacy through *coll.* Cook County IL. no. 22 L-2051 (Defendant), Walter J. Brzowski now references a *coll.* Cook County IL. (Lien Case no. 22 L-2051, *L. Brzowski v. W. Brzowski)* of Judge D. Kubasiak by denying Walter Brzowski's Counterclaim on January 10, 2023, by improperly citing the December 27, 2004, IL. Appellate Order.

11) **The Flaw:** *Res judicata* only applies to a valid final judgment rendered by a court of competent jurisdiction, and meets its three elements to satisfy its principle.

12) **The "Audit" Reality:** As documented in Walter Brzowski's April 19, 2022, "Response" (Case No. 22 L-2051, *(Laura Brzowski v. W. Brzowski)* and the June 22, 2005 Holderman Order, the federal court did not remand the case back to the state until then. Therefore, the April, 2003 trial and the December, 2004 Appellate review occurred while the State of Illinois court's power was statutorily suspended under Removal 28 U.S.C. § 1446(d).

13) **The Result:** Cook County IL. Associate Judge Daniel J Kubasiak cannot have *res judicata* from a proceeding that was legally "frozen" by Federal 28 USC Codes, (Exhibit 'F');

VIII. The Three-Count "Fatally Defective" Structure (Respondent), Walter Brzowski's 23-page Counterclaim {April 19, 2022; Case No. 22 L-2051), correctly identifies three distinct jurisdictional flaws that nullify that fatally defective divorce:

A. **Count I:** The Castillo Mailing Failure (Sept 2002). Under § 1447(c), jurisdiction does not return to the IL. state court until the remand order mailing occurs. *He ineptly never did.*

B. **Count II:** The Automatic Stay Violation. The State court proceeded to a "Bench Trial" in April 2003, (Figueroa), while the federal removal was active, rendering the trial a nullity.

C. **Count III:** The Jim Holderman Remand Gap (2003-2005). The IL. State court issued the "Dissolution" on May 20, 2003, (Hon. Raymond Figueroa), while the defective divorce case was *STILL* literally sitting on Judge James F. Holderman's federal docket.

D. **Count IV:** *Lack of Filed Proof:* Failure of (petitioner), Laura Brzowski to adhere to Cook County IL. Domestic Rule 13.7(a)(c) before 'Judgment' was entered on May 20, 2003!

IX . The "Interpleader" Extortion (Cook County IL. Civil Case No. 22 CH-02087)

By using the "void" May, 2003 divorce Judgment to attach a lien to Walter Brzowski's $731,000 jury award, (August 6, 2020), the state court transitioned from a 'civil error' to a financial taking towards (petitioner), *'dirty-hands'* Laura A. Brzowski on November 16, 2023, (Hon. T. Wilson).

E. The Logic: If the Brzowski's marriage was never legally dissolved by a: "court of competent jurisdiction" on May 20, 2003, (as required by 750ILCS 5/401(a)(b)) then the 'lien' LAURA used is based on a debt that does not legally exist by Federal 28 US Codes!

F. The Misconduct: The fact that Judge Thad Wilson ignored W. Brzowski's: '**46** Exhibits' (September 22, 2022; No. 22 CH-02087), and relied on Dan Kubasiak's "Opinion Order" (Oct. 13, 2023; No. 22 L-02051), suggests a: "Judicial Club" mentality—prioritizing the "finality" of a crooked IL Cook Co. system over the Black Letter Law of federal removal.

X. The "Political Judicial-Club" Motive

The refusal to vacate these orders, despite the physical evidence of the Certified Remand Orders, suggests that the Cook County judiciary is protecting the "integrity" of its past errors to avoid the massive liability of admitting they presided over a void 20-year litigation, that was aggravated by the inept errors by Federal N.D. IL. Court Judges Castillo and Holderman on September 9, 2002, (Fed. No. 02 cv-6219), and on May 5, 2003, (Fed. No. 03 cv-2685; finally corrected on June 22, 2005), of their *non*-procedural compliances to Federal Remand Code 28 USC § 1447(c)!

AUSA Stephanie Stern unethically and repeatedly ignores these HUGE blunders by Federal Judges Ruben Castillo and James F. Holderman, {attempting}, to: 'hide-behind' a defective, unpublished, "Opinion Order" on March 16, 2020, (C.A.7 19-2167-U), and repeatedly attempts to 'bamboozle' [IN.] District Court into the: *"dirty*-hands" Government's favor, which she cannot professionally do under IL. Supreme Court Rule 3.8, and LR83.53.8, *and* upon her sworn Oath!

XI. The McDade Amendment (28 U.S.C. § 530B)

The most important statute for Walter Brzowski's: "Auditing" of AUSA Stern is the McDade Amendment. It states that an attorney for the U.S. Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties.

G. **The Rule:** Federal prosecutors must follow the same ethical standards as any other lawyer licensed in that state, {Illinois};

H. **Application:** Since Stephanie Stern is practicing in Illinois, she is bound by the Illinois Rules of Professional Conduct, even when standing in a Federal courtroom.

XII. Specific Illinois Rules AUSA Stephanie Stern must follow:

Based on the Notice of Procedural Objection, there are two primary rules he can hold Stern to:

I. IL Supreme Court Rule 3.3 (Candor Toward the Tribunal): A lawyer shall not knowingly make a false statement of fact or law to a tribunal {Hon. Keri Holleb-Hotaling}, or fail to correct a false statement of material fact or law previously made.

    a. *The Breach*: If Stern continues to deny the existence of the June 22, 2005, March 15th, 22nd, 2007 and May 29, 2007, Certified Remand Orders after W. Brzowski placed it on the record in 03/2026, she is in direct violation of her duty of candor.

J. IL Supreme Court Rule 3.8 (Special Responsibilities of a Prosecutor): This rule requires a prosecutor to make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense.

    a. *The Breach*: Walter Brzowski argued that by her failure to address the September 2002 jurisdictional failures (Case No. 02-cv-6219) on March 18, 2026 and April 15th, 20th, 2026, constitutes a "*Brady* omission" and a violation of IL. Rules 3.8-Northern District Rule LR 83.53.8; [LR83.53.4 = **Michael Waugh** on 9/18/2025].

XIII. Local Rules 83.50, {LR83.53.8}, Northern District of Illinois

The Federal Court itself has adopted the Illinois rules. Local Rule 83.50 states that the applicable ethics rules are the Rules of Professional Conduct of the Supreme Court of Illinois.

K. **Persuasive Power:** This means that when Walter Brzowski cites an Illinois Supreme Court Rule to the (IN.) Federal Court, Mr. Brzowski isn't just citing "state law"—he is citing the Federal Court's own adopted standards.

**XIV. THE "LEGAL IMPOSSIBILITY" OF CODE 18 U.S.C. § 505**

AUSA Stephanie Stern argues that a forgery under § 505 does not require a "valid" order.

14) **The Counter-Strike:** Under *Ex parte Siebold,* 100 U.S. 371 (1879), a void proceeding is "as no law". If the **4** 2005/2007 Remand Orders prove the State court lacked competence, the documents Defendant is accused of "authenticating" were legal blanks. *Accordingly:* One cannot forge a document for the purpose of "authenticating a proceeding" when the proceeding itself is a jurisdictional nullity, which the U.S. Government never put forth any cogent counter-response against WALTER J. Brzowski's objectively raised legal challenges upon *sua sponte,* fatally defective Case no. 07 C-5613, on March 18th, April 15th, 20th, and 30th, 2026, holding truth thereto towards the Defendant; and thus, with Federal Judges Rebecca R. Pallmeyer and Virginia M. Kendall lacking: *"clean-hands"* between July 14, 2023 to March 12, 2025, holds them accountable towards U.S. private Citizen, WALTER J. Brzowski of "stealing" his $25,500.00 monetary property on September 27, 2023 and March 12, 2025 without their lawful authority to do so, stripping them of their: *"judicial immunity"* from future Civil 42 USC § 1983 Tort Suit(s), since and under the: *"Nobody Is- Above-the-Law"* principle!

## DRAWN LEGAL CONCLUSION

**ACCORDINGLY:** The Government's 3 responses are untimely, factually fraudulent, and legally prohibited by 28 U.S.C. § 1447(c)(d), Article III and IL. Supreme Court Rule 3.8; Defendant, WALTER J. Brzowski moves this Federal Court to *STRIKE* ECF #80, #82 [and ECF #90 too], and to set an evidentiary hearing (May 18, 2026, 1:00PM), on justified Sanctions for AUSA Stern's deliberate: "Fraud by Omission" regarding the June, 2005 Holderman Remand Order; the procedural failure of Judge Ruben Castillo to adhere to Federal Remand Code 28 USC § 1447(c) on September 9, 2002, (Case No. 02 C-6219), that places Cook County IL. Case no. 01 D- 14335 in "limbo"; and the invalid-*unciteable* 7th Circuit's "Affirmance Order" on March 16, 2020, (No. C.A.7 19- 2167-U, appeal of Case no. 07 C-5613/03-cv-2685; Hon. James F. Holderman), violative of Federal Remand Code 28 USC § 1447(d), and three U.S. Supreme Court Case law Jan. 1976, Dec. 1995–96 precedents, which AUSA Ms. Stern knew, *or should have known!*

**ATTESTATION**

Respectfully Submitted as true and correct upon information provided above to assert on a Court of Law for proper recourse and effect:

_____   May 5, 2026

Walter J. Brzowski, Defendant *Pro se*