**IN THE UNITED STATES NORTHERN DISTRICT COURT**
**OF ILLINOIS    EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | **CASE No. 25 CR-0589** |
| vs. | ) | |
| | ) | Hon. Philip P. Simon? |
| WALTER J. BRZOWSKI | ) | United States District Judge |
| Defendant | ) | |

## DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S 'SUPERSEDING INDICTMENT' (DOC. #141) PURSUANT TO FED. R. CRIM. P. 12(b)(3)(B)

**NOW COMES** the Defendant, WALTER J. BRZOWSKI moves this Federal Court pursuant to Rule 12(b)(3)(B) of the Federal Rules of Crim. Procedure for an Order dismissing *with* prejudice the flawed Superseding Indictment returned on July 16, 2026 (Doc. #141). In support of this worthy Motion, *innocent* Defendant, Walter Brzowski hereby states as follows:

### I. INTRODUCTION & PROCEDURAL BACKGROUND

1. On July 16, 2026, the Grand Jury returned a flawed Superseding Indictment (Doc. #141) charging Defendant Walter J. Brzowski with violations of 18 U.S.C. § 505. The statutory foundation of the prosecution's charge relies entirely upon the alleged forgery or unauthorized authentication of judicial signatures or orders purportedly generated within civil proceedings, specifically Northern District of Illinois (defective), Case No. 07-cv-5613.

2. However, as established by the threshold jurisdictional record, the underlying civil docket (Case No. 07-cv-5613) was a total statutory and constitutional nullity *ab initio* due to four mandatory remand orders, (2005, 2007) operating under 28 U.S.C. § 1447(d). Furthermore, the flawed Superseding Indictment was procured through material misstatements and omissions before the grand jury regarding the legal invalidity of the underlying civil dockets and {void} state court actions that forms the bedrock of the government's theory.

### II. MEMORANDUM OF LAW & ARGUMENT

#### A. Threshold Article III Jurisdictional Voidness of Case No. 07-cv-5613

3. Under 18 U.S.C. § 505, an essential statutory element that the government must prove beyond a reasonable doubt is that the forged signature or seal was used "for the purpose

of *authenticating* any {valid}, proceeding or document;"

4. Under *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998), subject-matter jurisdiction is an inflexible threshold requirement. Without Article III jurisdiction, a federal court has zero constitutional power to act, and any order entered by a court lacking jurisdiction is a complete nullity. Furthermore, under *United States v. Cotton*, 535 U.S. 625, 630 (2002), defects in subject-matter jurisdiction can never be forfeited or waived and may be raised at any stage of the proceedings, which Judge Simon: "ignores".

5. Because four statutory certified remands pursuant to 28 U.S.C. § 1447(d) permanently divested the Federal Court of its subject-matter jurisdiction, Case No. 07-cv-5613 was a statutory nullity from its inception. Under *United States v. Gaudin*, 515 U.S. 506 (1995), the Fifth and Sixth Amendments require every statutory element to be submitted to a jury. ⤳As a matter of law, a **void** paper from a jurisdictionally dead docket cannot fulfill the statutory element of *authenticating* a valid: "proceeding or document" under § 505.

B. Misstatements and Omissions to the Grand Jury on July 16, 2026

The return of the *ex parte* Superseding Indictment on July 16, 2026 (Doc. #141) was fatally defective because the Government withheld material jurisdictional facts from the *naive* Grand jury. Specifically, the prosecution, (Ms. Stephanie Stern), suspiciously omitted:

6. The binding statutory remand blackout periods operating under 28 U.S.C. § 1447(d) that stripped the federal court of Article III jurisdiction over the underlying civil dockets, through Walter Brzowski's acquired Federal Certified Remand Order, (June 22, 2005);

7. The legal nullity of the restriction and sanction orders purportedly generated in Case No. 07-cv-5613, presenting those **void** admin. entries as valid, binding judicial proceedings.

Presenting a Grand jury with charges predicated on an underlying civil docket that is legally void *ab initio* misleads the Grand jury on essential elements of the offense, violating Defendant's constitutional right to an unbiased Grand jury proceeding under the Fifth Amendment, (Fact).

C. Impact of the Federal Blackout Period on Interrelated State and Appellate Orders

The jurisdictional defect infects the entire chain of state and appellate proceedings relied upon by the Government, (Stephanie Stern, Nina Ruvinsky), and adverse parties:

8. **Cook County Case No. 01 D-14335**: Judicial acts occurring during the statutory federal blackout period (April 22, 2003 to June 23, 2005) were entered while State jurisdiction

was stayed by a federal removal. Consequently, the Judgment of Dissolution of Marriage entered on May 20, 2003 falls squarely within this blackout period and is **void** *ab initio*.

9. **Lack of Standing for Adverse Claims:** Because the underlying divorce judgment is void for lack of jurisdiction during the blackout period, (*spouse*) Laura A Brzowski lacks legal standing or valid monetary claims against Mr. Brzowski's exclusive Federal Jury award (on August 6, 2020 in Case No. 17-cv-9339) in subsequent state actions, (No. 22 L-2051 on Oct 13, 2023, and No. 22 CH-2087 *esp.* on Nov 16, 2023, Hon. Thaddeus L. Wilson).

10. **Seventh Circuit Appeal No. 19-2167-U:** Orders issued on March 16, 2020 in C.A.7 No. 19-2167-U deriving authority from jurisdictionally defective district court entries are likewise legally unenforceable and void due to its violation of 28 USC § 1447(d)!

D. *Alternative Ground:* Unconstitutional Multiplicity of Charges

11. Defendant now further adopts P.D. William B. Hardwicke's Multiplicity Motion from December 11, 2025 into this Motion to Dismiss as a distinct alternative ground for striking and dismissing the inept, multiplied counts in the Superseding Indictment (Doc. #141).

12. Even assuming *arguendo* that the underlying civil entries possessed threshold legal efficacy, the prosecution's charging structure violates the Double Jeopardy Clause of the Fifth Amendment by improperly multiplying two distinct underlying judicial orders into numerous redundant, reduced-generalized statutory counts by the March 4th Order:

13. **The Statutory Unit of Prosecution Under 18 U.S.C. § 505:** As established in Defense Counsel's December 11, 2025 Motion to Strike (Doc. #35), whether a course of conduct constitutes single or multiple offenses depends entirely on Congress's statutory choice of the "unit of prosecution." *United States v. Cureton*, 739 F.3d 1032, 1041 (7th Cir. 2014); *United States v. Moses*, 513 F.3d 727, 731 (7th Cir. 2008).

14. **Photocopying Does Not Constitute Independent Forgery**: Section 505 criminalizes the act of forging a signature to authenticate a document. Under common law and statutory interpretation, "to forge" means to fabricate or construct a false writing. *United States v. Cowan*, 116 F.3d 1360, 1362 (10th Cir. 1997). Merely photocopying, tendering, or serving additional copies of an already-existing document does not constitute additional, independent acts of fabrication or forgery, which was upheld by this Court on March 4th!

15. **The Interplay Between the Court's March 4, 2026 Ruling and Pre-Trial Dismissal Under**

3

**Rule 12(b)(3)(B):** On March 4, 2026, this Court sustained Defendant's challenge to the multiplicitous structure of the original indictment, explicitly stripping the government of its "forgery" theory across Counts 2–3 and 5–11, and restricting the prosecution strictly to a "tendering into evidence" theory under 18 U.S.C. § 505. (Tr. March 4, 2026, p. 23, lines 13–18); "tendering" here means a *valid–authentic* document, *NOT* an <u>invalid</u> one, (Fact)!

16. While the Court permitted? these counts to survive as separate acts of "tendering," the government's Superseding Indictment (Doc. #141) now founders upon an insurmountable statutory defect under Rule 12(b)(3)(B) when evaluated against the threshold jurisdictional voidness of *unauthentic* Federal instigating-unconstitutional Case No. 07-cv-5613:

17. **The Mandatory Statutory Element:** To sustain a conviction under the "tendering" prong of 18 U.S.C. § 505, the government must prove beyond a reasonable doubt that a document was tendered "for the purpose of *authenticating* any proceeding or document." (Fact!)

18. **The Government's Attempted "Clean-Up" in Doc. #141 Fails as a Matter of Law:** In response to this Court's March 4, 2026 ruling, the government restructured its allegations in the Superseding Indictment by stripping the "forgery" language from Counts 1–2 and 4–13, restricting those counts exclusively to a "tendering into evidence" theory. However, this structural shift still creates a fatal statutory defect under Rule 12(b)(3)(B);

19. **The Clincher:** The Defense <u>*still*</u> argues that under the Rule of Lenity (*Bell v. United States*, 349 U.S. 81), photocopying or serving additional copies of an identical order on different dates does not create new, distinct units of prosecution under § 505; Restructuring the indictment into separate "tendering" counts based on identical photocopies ***still*** violates the Double Jeopardy Clause's protection against multiplicitous charging!

20. **The "Tendering" Theory Requires a *Valid* Underlying "Proceeding"** Under 18 U.S.C. § 505, charging an act of "tendering" requires the government to prove that the document was tendered "for the purpose of *authenticating* any proceeding or document." By locking themselves exclusively into a "tendering" theory across 12 of the 13 counts, the government's charges live or die on whether a legally valid "proceeding" existed to be **authenticated**; As of this date, the Government failed completely in their onus to do so!

21. **Total Statutory Voidness Means Zero Statutory Offense:** As established in Section II.A

4

*supra,* Case No. 07-cv-5613 was a complete statutory and constitutional nullity *ab initio* due to mandatory 28 U.S.C. § 1447(d) remands; Because a void paper originating from a jurisdictionally dead docket cannot, as a matter of law, authenticate a valid "proceeding," the government's narrowed "tendering" counts in Doc. #141 fails to state an offense under Rule 12(b)(3)(B) and must be dismissed *with prejudice* prior to trial, (*Emphasis added*)!

22. **The Pre-Trial Failure as a Matter of Law**: Because this Court's March 4, 2026 ruling locks the government solely into *proving* "tendering into evidence" on Counts 1-2 and 4–13, those counts are now legally untenable. As established in Section II.A *supra*, Case No. 07-cv-5613 was stripped of Article III subject-matter jurisdiction by four Remands under 28 U.S.C. § 1447(d), rendering the underlying docket a total statutory nullity *ab initio,* (September 20, 2007; Hon. James F. Holderman), and thus, cannot be: "*authenticated*!"

23. **Thus: Zero Legal Efficacy *Still* Means Zero Statutory Offense:**  A void paper originating from a jurisdictionally dead docket constitutes a legal blank; It cannot, as a matter of law, fulfill the essential statutory element of *authenticating* a valid judicial "proceeding", **NO** Court of Law, (Hon. Phillip P. Simon), can: "*make a void order-proceeding, valid*!"

➢ **The Core Principle:** "Courts cannot validate proceedings that occurred without subject-matter jurisdiction; A void proceeding remains void and cannot be breathed into life by subsequent court action or judicial fiat"; *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 148, 153–154 (1920), *which the Government is trying to sway Mr. Simon to do here!*

➢ *AND:* Under long-standing Supreme Court precedent, subject-matter jurisdiction is an inflexible requirement (*Steel Co.*, 523 U.S. at 94–95). Where subject-matter jurisdiction is absent, any resulting order is void *ab initio*—a legal nullity that no court possesses the power to validate or make effective (*Ex parte Rowland*, 104 U.S. at 612). Because a void order constitutes a legal blank, it cannot, as a matter of law, satisfy the mandatory statutory element of '*authenticating any proceeding or document*' under 18 U.S.C. § 505!

24. **Conclusion on this Ground:** By virtue of the Court locking the government into a "tendering" theory on March 4, 2026, and given the absolute Article III voidness of the underlying civil docket, Counts 1-2 and 4-13 failed to state an offense under Rule 12(b)(3)(B); The Government cannot cure a failure of subject-matter jurisdiction in the under-

5

lying proceeding, requiring immediate pre-trial **dismissal** of these counts *with prejudice*.

25. **Rule of Lenity and Statutory Ambiguity:** Under *Bell v. United States*, 349 U.S. 81, 84 (1955) and *United States v. Miller*, 883 F.3d 998, 1003–04 (7th Cir. 2018), any ambiguity regarding the unit of prosecution intended by Congress through the statutory word "any" must be resolved in the defendant's favor under the rule of lenity. The prosecution *cannot* turn a single transaction involving two alleged [void] orders into a multi-count indictment simply because copies were tendered or served on multiple occasions.

26. Accordingly, the multiplicitous counts in the Superseding Indictment (Doc. #141) fails as a matter of law and must be dismissed or stricken *in toto*, as to preserve Justice served!

E. Further Adoption of Defense Counsel's Double Jeopardy Motion (Doc. #34) As to the Superseding Indictment

27. Defendant now further adopts P.D. William B. Hardwicke's 'Double Jeopardy Motion' from December 11, 2025 into this: Motion to Dismiss, and asserts its constitutional protections against all counts set forth in the *flawed* Superseding Indictment (Doc. #141).

28. **Prior Punitive Sanction Triggers Fifth Amendment Protections:** As set forth in Doc. #34, the Executive Committee's $25,500.00 monetary sanction imposed against WALTER Brzowski constituted a punitive, non-compensatory fine under *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) and *International Union, UMWA v. Bagwell*, 512 U.S. 821 (1994). Because this fine was designed solely to punish and vindicate the court's authority without an opportunity to purge, it triggered the fundamental protections of the Double Jeopardy Clause of the Fifth Amendment, (Fact).

29. **Application to the Expanded Counts in Doc. #141:** The government's Superseding Indictment (Doc. #141) expands upon the same underlying core nucleus of alleged judicial order fabrications and transactions that gave rise to the Executive Committee's $25,000 punitive sanction. Under *Blockburger v. United States*, 284 U.S. 299 (1932), the government cannot repeatedly recharge or multiply lesser-included statutory allegations under 18 U.S.C. § 505 derived from the same course of conduct for which punitive sanctions have already attached and been executed.

30. **Requirement for Prosecution Response**: Because the Executive Committee's $25,500 fine stands as an executed, non-compensatory punishment, the Double Jeopardy Clause bars

6

successive criminal prosecution under 18 U.S.C. § 505 for these integrated claims. The government must be ordered to respond to this threshold Double Jeopardy bar as applied to the full scope of charges in Doc. #141, against the Defendant's four unscathed July 13th, [Doc. #137], July 15th, [Doc. #140], July 16th, [Doc. #143], and July 17, 2026, [Doc. #144], objective e-Filings!

## III. SUMMARY OF JURISDICTIONAL AND STATUTORY DEFECTS

| Docket / Action | Key Date(s) | Legal / Jurisdictional Defect |
|---|---|---|
| 28 U.S.C. § 1447(c)(d) Remands | April 22, 2003 – June 23, 2005 | Federal statutory blackout period; divested jurisdiction over State proceedings. |
| Cook County No. 01 D-14335 | May 20, 2003 | Judgment of Divorce entered during federal blackout period; void *ab initio*. |
| N.D. Ill. Case No. 07-cv-5613 | September 20, 2007 | Lacked Article III subject-matter juris- diction under *Steel Co.*; *legal blank*. |
| Seventh Circuit No. 19-2167-U | March 16, 2020 | Appellate order predicated on juris- dictionally *defective* underlying entries; void, *ab initio*. |
| Superseding Indictment (Doc. 141) — Section II.A & II.B | July 16, 2026 | Fails to state an offense under 18 U.S.C. § 505 due to complete lack of legal efficacy in underlying entries. |
| Superseding Indictment (Doc. 141) — Section II.D | July 16, 2026 | Unconstitutionally Multiplicitous: Violates *Bell v. United States* by improper multi- plication of unit of prosecution via repeated |

| | | |
|---|---|---|
| | | photocopying/tendering. |
| Superseding Indictment (Doc. 141-Section II.E | July 16, 2026 | Double Jeopardy Bar: Successive prosecution barred under *Blockburger* and *Goodyear* due to 2 prior executed $25,500 punitive-biased Executive Committee [void], *sua sponte* sanctions (Doc. #34). |

In *Berger*, Justice George Sutherland *authored* the famous standard defining the role **of a U.S. Attorney:**

*"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done; He may prosecute with earnestness and vigor— indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones."*

IV. CONCLUSION & PRAYER FOR RELIEF

**WHEREFORE**, Defendant WALTER J. BRZOWSKI respectfully requests that this Honorable Court enter an Order:

A. DISMISSING the Superseding Indictment (Doc. #141) *WITH PREJUDICE* pursuant to Fed. R. Crim. P. 12(b)(3)(B), due to (still), *uncured* fatal defects since September 23, 2025;

B. DECLARING that Case No. 07-cv-5613 and its associated administrative orders carried zero legal efficacy under 18 U.S.C. § 505 into this case-in-chief; and

C. DISMISSING all counts in Doc. #141 as barred by the Double Jeopardy Clause pursuant to the grounds established in Doc. #34;

D. IN THE ALTERNATIVE, *STRIKING* all multiplicitous counts pursuant to the unit-of-prosecution principles set forth in Doc. #35, as of: *lack of* authenticated: 'tendered documents';

E. Granting such other and further relief as this Court deems just and proper, {as also for the prompt return of Walter J. Brzowski's stolen-extorted **$25,500.00** + accruing interest!}

Dated: August 7, 2026

Respectfully submitted as true and correct in content and form:     e/s:____*Walter J. Brzowski*_____
WALTER J. Brzowski, Defendant

8