UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 1:25-CR-589 |
| vs. | ) | |
| | ) | |
| WALTER BRZOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant, Walter Brzowski, filed a Motion for Leave to Conduct Pre-Trial Status Conferences Via Video Teleconference. [DE 153.] In his motion, Defendant requests an order "authorizing future non-evidentiary pre-trial status conferences and motion hearings to be conducted" remotely. [DE 153 at 2.] He asserts that a "defendant may waive the right to be physically present" for certain proceedings under Federal Rule of Criminal Procedure 43(b)(2) and "executes a limited waiver of physical presence solely for future non-evidentiary pre-trial status conferences" before consenting to participation "via Zoom video feeds." [DE 153 at 2-3.]

The power to hold pretrial conferences in criminal matters is "essentially a codification of the court's inherent power to manage the litigation before it." *United States v. White*, No. 2:21-CR-144 JD, 2023 WL 3735594, at *1 (N.D. Ind. May 31, 2023) (quoting *United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983)); *see also* Fed. R. Crim. P. 17.1. In some cases, "it may be desirable or necessary to have the defendant present" at such conferences. Fed. R. Crim. P. 17.1 advisory committee's notes to 1966 adoption.

Indeed, "physical presence is ordinarily thought to be important to the proper functioning of the criminal justice system[.]" *United States v. Howell*, 24 F.4th 1138, 1142 (7th Cir. 2022). To that end, the text of Rule 43(b)(2) and related advisory committee notes make clear that leave to appear remotely under Rule 43(b) is subject to "the [C]ourt's permission." Fed. R. Crim. P. 43 advisory committee's notes to 2011 amendments.

As such, the Court opts to retain the broad discretion afforded by the Federal Rules by denying Defendant's motion [DE 153]. While hearings and conferences may, on occasion, be held virtually, the default rule shall be that they will be held in person unless the Court explicitly informs the parties otherwise.

For the aforementioned reasons, Defendant's motion [DE 153] is DENIED.

ENTERED: August 17, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT